IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stoyfilms Incorporated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case no. 22-cv-1232 |
| The Partnership or Unincorporated Association(s) known as space-fx.com, space-vfx.com, and SoundsPro | § § § § § § | |
| Defendants. | | |

## COMPLAINT

Stoyfilms Incorporated (**"Stoyfilms"**), complaints of THE PARTNERSHIP OR UNINCORPORATED ASSOCAITION KNOWN AS SPACE-FX.COM, SPACE-VFX.COM, AND SOUNDSPRO (**"Space FX"**):

## Introduction

1. This cause of action is for infringement of Stoyfilms' federally registered copyright under 17 U.S.C. § 501.

## Parties

2. Stoyfilms is a creator and purveyor of visual effects for motion pictures, which it distributes throughout the world, including within this District. It advertises and sells its products through the internet. Stoyfilms is a Texas corporation.

1

3. Space FX is sold visual effects for motion pictures. Upon information and belief, Space FX is in Europe, is not formally organized, and conducts business in this District.

## Jurisdiction and venue

4. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338 because it involves federal questions about the Copyright Act.

6. Space FX is subject to personal jurisdiction of this Court because it conducts business in this District, targets its business activities towards consumers in Texas, infringes Stoyfilms' copyrights in this District, has made at least one infringing sale in this District, and causes damages in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(c)(3).

## Facts common to all claims

8. Like many other creative, internet-based companies, Stoyfilms is targeted by unscrupulous competitors who infringe its intellectual property rights to compete with it.

9. Space FX is a partnership or unincorporated business association using the internet to hide its identity and the identity of its principals.

10. Space FX advertises for sale a range of special and visual effect tools said to be compatible with video editing software.

11. Space FX can be sued under Federal Rule of Civil Procedure 17(b).

12. Space FX targets its business activities towards consumers throughout the United States, including within this District.

13. Its marketing materials are in the English language.

14. Space FX has posted various reviews featuring consumers located, by their accents, in the United States, on www.youtube.com.

15. Space FX engages in copyright infringement by copying, preparing derivative works, and distributing copies and derivative works in this District through at least two interactive commercial websites.

16. Despite extensive efforts to uncover the identity of Space FX and its principals, *infra,* Stoyfilms cannot determine their identities.

17. There is no indication of the identity of the entity operating the websites used by Space FX.

18. Stoyfilms will be seeking early discovery and will promptly name Defendant(s) upon learning their identity.

Stoyfilms' copyrights

19. Stoyfilms is the owner variety of visual effects files, which are creative works protected by the Copyright Act.

20. In particular, Stoyfilms owns United States Copyright Registration No. PA0002344365, which covers a collection of visual effects files. (**"Blockbuster Works"**).

21. The Blockbuster Works are original works.

22. Stoyfilms has complied with 17 U.S.C. § 101, et seq. and has secured exclusive rights in the Blockbuster Works and received its copyright registration in the Blockbuster Works with the Copyright Office under its rules and regulations.

23. Upon information and belief, Space FX has known of Stoyfilms ownership of copyrights in its visual effects files.

Space FX's online presence & behavior

24. Despite this knowledge, Space FX has copied, created derivative works from, and distributed Stoyfilms visual effects files, including the Blockbuster Works.

25. Space FX does so through websites at [www.space-fx.com](www.space-fx.com) and [www.space-vfx.com](www.space-vfx.com) (**"Domains"**).

26. These websites are hosted on the Shopify platform.

27. Shopify is a Canadian company.

28. The space-fx.com domain was originally registered in January 2005 and more recently registered in October 2021. Registrant details have been hidden.

29. The space-fx.com domain is hosted on a googledomains server, with over 150 domains hosted on the space-fx.com IP address, 23.227.38.66. This IP address is listed as in Ontario, Canada and relates to Shopify Inc.

30. Space FX's Domains resolve to websites using the English language, even if accessed by IP addresses in Europe or Asia.

31. Upon information and belief, for these reasons, Space FX is targeting it sales to the Anglophone world.

32. Among other payment methods, Space FX accepts PayPal as a form of payment.

33. PayPal is a United States company with at least one location in Texas.

34. Its PayPal account is linked to an entity called "SoundsPro" connected to an inactive website, [www.sounds-pro.eu](www.sounds-pro.eu).

35. WHOIS records show this inactive domain name related to a French business, but it has been impossible to verify the same.

36. Space FX uses videos hosted on [www.youtube.com](www.youtube.com) to advertise the sale of infringing files.

37. These YouTube hosted files can be viewed on the websites resolved by visiting the Domains and on YouTube.com.

38. Several of these videos feature individuals with American accents.

39. Upon information and belief, for these reasons, Space FX is targeting sales to the United States.

40. Space FX operates two Facebook pages at https://www.facebook.com/SPACEFX-105811878574031 and https://www.facebook.com/Space-FX-102102912304490.

41. The first Facebook page listed above was created in October 2021.

42. The second Facebook page listed was created in November 2021.

43. A review on the second Facebook page advises visitors to the page that Space FX is selling materials that is "copyrighted and not SpaceFX to sell."

44. Neither Facebook page identifies the entity operating the pages.

45. Facebook, now known as Meta, is in the United States, with several offices in Texas.

46. According to the YouTube reviews, Space FX advertises on the Facebook platform to United States-based customers.

47. Space FX also uses the email address info.spacevfx@gmail.com.

48. Gmail is a Google product.

49. Google is in the United States, with at least one office in Texas.

50. While Space FX has ensured it has left no trace of its identity publicly available online, Google, Shopify, Facebook, and PayPal likely have information that can uncover the identity of Space FX, its principals, or both. Infringing activities.

## Space FX's infringement

51. Space FX is believed to be a partnership or unincorporated business association which operates through the Domains and consist of individuals, business entities of unknown makeup, or both, many of whom likely reside in Europe, operate in Europe, or both or other foreign jurisdictions.

52. Space FX can be sued under Federal Rule of Civil Procedure 17(b).

53. Space FX target its business activities towards consumers throughout the United States, including within this Judicial District through operating the fully interactive commercial websites operating under the Domains.

54. Space FX has made at least one sale into this judicial district and is believed to have made many others given the foregoing.

55. Space FX also offers customer service through the Domains.

56. Space FX's principals are directly and personally contributing to, inducing, and selling infringing products as alleged as partners, co-conspirators, or suppliers.

57. Space FX has purposefully directed its illegal activities towards consumers in the State of Texas through the advertisement, offer to sell, sale and shipment of infringing works into the Texas.

58. Stoyfilms has engaged in at least one "test buy." Based on this test buy, Stoyfilms has confirmed Space FX sells and delivers infringing products into this District.

59. Among other works, Space FX offers collections called Thunder and Solar System.

60. Stoyfilms has secured these collections from Space FX.

61. Stoyfilms have compared files in these collections against its creative works.

62. Stoyfilms compared files in the Space FX Thunder collection

63. Files in Space FX's Thunder collection contains files infringing the Blockbuster Works.

64. Files in Space FX's Thunder collection are copies of or derivative works of the Blockbuster Works, which Space FX distributes in the United States.

65. Stoyfilms never authorized Space FX to copy, create derivative works, or distribute its files, including those of the Blockbuster Works.

66. The natural and probable foreseeable result of Space FX's wrongful conduct has been to deprive Plaintiff of the benefits of selling products

embodying the Blockbuster Works and licensing others to copy, use, and publicly display products embodying the Blockbuster Works, and to injure Stoyfilm's relationship with present and prospective customers.

67. Space FX's infringements were and are willful, in bad faith, and executed with full knowledge of Stoyfilm's copyright and in conscious disregard for Space FX's exclusive rights in the Blockbuster Works.

68. Space FX's deliberate infringement of Stoyfilm's copyright has greatly damaged Stoyfilms, and Space FX will continue to damage Stoyfilms irreparably unless enjoined by this Court. Without injunctive relief, Stoyfilms will have no adequate remedy at law. Stoyfilms is entitled to a temporary and permanent injunction under 17 U.S.C. § 502.

69. Stoyfilms has retained undersigned counsel and has to pay counsel his fees for prosecuting this action.

## Count I
## Copyright infringement

70. Stoyfilms repeats the allegations appearing before this paragraph as if set forth here.

71. Stoyfilms owns valid copyrights in the Blockbuster Works.

72. Stoyfilms owns a copyright registration under 17 U.S.C. § 411(a) for the Blockbuster Works. Exhibit 1.

73. The Blockbuster Works are original and copyrightable subject matter under the laws of the United States.

74. Space FX is willfully infringing Stoyfilm's copyright in the Blockbuster Works by reproducing, displaying, distributing, and creating derivative works of the Blockbuster Works without permission in violation of the Copyright Act, 17 U.S.C. § 106.

75. Because of the infringement, Stoyfilms has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted Blockbuster Works.

76. Because it is without an adequate remedy at law, Stoyfilms is entitled to an injunction, under 17 U.S.C. § 502, restraining Space FX, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Space FX from engaging in further acts of copyright infringement.

77. Stoyfilms also may recover from Space FX the gains, profits, and advantages it has obtained because of copyright infringement.

78. At its election, Stoyfilms may recover statutory damages under 17 U.S.C. § 504.

79. Stoyfilms may also recover costs and attorneys' fees under 17 U.S.C. § 505.

80. Stoyfilms is informed and believes, and on that basis alleges, that unless enjoined by this Court, Space FX will continue its conduct and will continue to wrongfully use, infringe on, sell, and otherwise profit from Stoyfilm's Blockbuster Works.

## Prayer for Relief

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendant:

A. For a preliminary and permanent injunction enjoining and restraining Defendant and all persons acting in concert with Defendant from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials substantially similar to the copyrighted Work, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendant's possession or control;

B. For a preliminary and permanent injunction enjoining and restraining Defendant and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's copyrights.

C.     For actual damages, punitive damages, and Defendant's profits to be determined at trial, plus interest;

D.     For statutory damages of $150,000 per infringement under 17 U.S.C. § 504, at Plaintiff's election;

E.     For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

F.     any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all claims so triable.

Respectfully submitted,
Stoyfilms Incorporated, by

/s/ Jonathan LA Phillips
Jonathan LA Phillips (SDTX 2986701)
PHILLIPS & BATHKE, P.C.
Attorney-in-Charge
4541 North Prospect Road
Suite 300A
Peoria Heights, Illinois 61616
Tel: (309) 643-6518
Email: jlap@pb-iplaw.com

Philip A. MacNaughton (SDTX 266870)
3334 Richmond Avenue
Suite 100
Houston, Texas 77098
Tel: 281-685-4630
Fax: 281-860-7444
Email: pmacnaughton@aol.com

ATTORNEYS FOR DEFENDANTS

12